May it please the Court, good morning. Good morning. My name is Emmanuel Guerro and I represent the petitioner in this case, Mr. Tababa. I think before we even go to the issue as whether or not the government proved by clear and convincing evidence that Mr. Tababa was in fact removable, I think the issue first is as the Office of Immigration and Litigation states, did Mr. Tababa exhaust all of his remedies before the lower agents, lower courts? Well, he didn't even argue before the BIA that the Hawaii conviction was not a sexual abuse of a minor. And so how can we consider that argument for the first time on appeal? Not quite, Your Honor, with all due respect. The Ninth Circuit has already stated that when it's a pro se appeal, what the court looks at is the notice of appeal itself by the respondent or the petitioner in this case. I believe the case is Ratuta. I believe it's cited as 591-1181. Well, but show me in the record where Mr. Tababa raised the issue before the IJ or the BIA that his conviction was not for sexual abuse of a minor. Just give me a record cite. If you take a look at the record on appeal, excuse me, the notice of appeal that was filed, and if the court still indulges me, I'll take a look at the certified record, administrative record. When you take a look at his notice of appeal that he filed, he indicated that he was not removable. That he was not removable. Not whether or not he raised the second issue of cancellation. Regardless of that, he raised the fact that he was not removable as alleged by the DHS. But when he alleges that for the BIA, his argument before the IJ was that he lacked mens rea to harm the minor, was it not? Even before the IJ, he doesn't seem to attack the conviction of sexual abuse. He only argues that he lacked the mens rea. Now you have to remember, and you have to take a look at the fact that the petitioner should not be faulted by the argument raised by his counsel. He had 12 counsel who raised mens rea. But the IJ herself, the immigration judge herself, noted that the credible judgment, excuse me, the credible record of conviction was the judgment itself. The judgment in the immigration judge herself recognized, and the BIA itself recognized, that the judgment reflected sexual assault in the second degree. But let's say that you even get to reach this. Why doesn't his guilty plea constitute an admission of self sexual abuse of a minor? Because if you look at his admission, it's all there. You know, Your Honor, it is what it is. It's there. It's there. But the statutory, and I believe this Court has already stated earlier in the previous case, that you take a look at the plain language of the statute as to what constitutes a conviction. For immigration purposes, yes, the admission of the respondent or the petitioner. However, in the lower court, it's the respondent. Before here, it's the petitioner. You look at his admission, and I believe this Court recently stated, and I believe it's Pagayan, that the person's admission is enough. But the statute also requires that there be some sort of punishment issued by the judge. Your Honor, in Pagayan, there was, in fact, punishment. In this case, when you take a look at the statute, Your Honor, there is. There is no judgment imposed. There's no penalty imposed by the trial judge on the admission of guilty pleas to sexual assault in the third degree of assault of a minor. With Section 1101A.48 of the INA, it defines conviction, and it goes, enter the plea of guilty. And it doesn't say the guilty plea is enough. It says, and the judge has ordered some form of restraint, penalty, or punishment. The record before you, the certified administrative record, does not show any form of punishment with respect to the ---- And what document are you looking at now? I'm looking at the certified administrative record, Your Honor. What page is that? If you're looking at AR 84 to 85, it would seem there that Tababa was sentenced to 10 years probation on sexual assault counts, to one year probation on the peeping tom charge, and required to serve one year in jail. AR 84 to 85. I was going to say, what are you going to do about that one year in jail? Your Honor, you'll notice that he was also charged by the DHS with an aggravated felony for a crime of violence, but the immigration judge made no ruling on that. The DHS decided not to appeal that issue, and the issue was simply whether or not he was convicted, whether the record was sufficient enough to establish that he had a conviction for sexual abuse of a minor. All right, but in his statement, if you look at AR 70 to 75, it says that between November 7, 2006, and January 26, 2007, in Kona County, state of Hawaii, I knowingly touched the breast of S.A., a person under the age of 14, on three different occasions. Between the same dates, I would peek through the keyholes to watch S.A. while she was taking a shower. And then I said what it said on AR 84 to 85, which relates to the punishment. Why isn't that enough? It certainly seems that if that's not sexual abuse of a minor, I don't know what is. Your Honor, I'm not saying it's not sexual abuse of a minor. I think what we're talking about is under the Taylor approach. Well, the modified categorical. Well, I think first you go to the categorical approach. And in this case, since we're in Hawaii, let me kind of put my spin on it. Here's the problems you have. The first level, you've got to get us to look at it because there's a strong argument. I'm just speaking for myself at this point that there's nowhere in the record where your exact argument was raised. Then if you get us to look at it, then you say, okay, but don't look at where he admitted what he did. Don't look in the record where it says what the sentence was. And so it just seems like in order to reach the conclusion you want, we have to not look at the record, which is all that we do in appellate work. That's correct, Judge. And I think when you take a look at the record, and we have to be mindful that the burden is on the government to establish inremovable proceedings as opposed to exclusion, that the burden is on the government to establish by clear and convincing evidence that they have sufficient proof. When you take a look at the record of AR-76. What is your best argument or case that says that what I've just related to you that is, in fact, in the record? What is your best argument or case that says that that is not sufficient? The record, Your Honor, as you cited to the record of the judgment of conviction, it reflects. Okay. I'm trying to. I'd like to. Let me make sure that we're on the same page, literally. You're on page 76 of the record? 76, Your Honor. Yes. And what are you relying on there? When you take a look at the charges to which defendant pled. Yes. Okay. Not to what he, not to whether or not he, what he pled to was sexual assault in the second degree. And when you take a look at the accompanying documents, 77, 78, 79, which I agree was the sentence that was imposed, it all refers to sexual assault in the second degree. Well, that's because it says, is that because it says 731.1b? That's correct, ma'am. And that is the wrong subsection for third degree. Is that what? Is that all you're arguing? Is that the argument? Well, what we're arguing is the credible evidence. No. I mean, are you really arguing that because there was this difference between b and the third degree assault, b, that that's the big problem here? Well. Is that your argument? That's it, Your Honor. What we are arguing is this. The government has to put in a proof. Now, just a minute. I didn't ask that. Answer my question. You're correct, Your Honor. Is that your big, how do I get around Tocatli v. Ashcroft? Tocatli v. Ashcroft says, we apply the modified categorical approach. We look at what we have here. We look at the indictment, the judgment of conviction, the jury instructions, the signed guilty plea, or transcript of the proceedings. And when I look at all of those, there was a typographical error that it was that. There's no question. Well, it was in your favor. But for me, I wanted to understand what the argument was, and I think I do understand it now. Let me just point it out, since this is the question by the court. I know my time is up. But if the court indulges me, let me get 30 seconds. It's like someone who comes to Hawaii, sees someone does the hula, and then they see someone else do the Tahitian dance. It looks the same, but really they are not. When you take a look at the judgment of record, Your Honor, you take a look at it. They have an indictment. The indictment was for first-degree sex assault. It was amended down. So we know it was modified. It was amended down to sex assault third. Now, you talk about the transcripts of proceedings. The government could have done that. Well, I need to wrap up because there is not a question pending. Thank you very much. Welcome to Hawaii. Thank you so much for your argument. Good morning again. You look familiar. This is the last time, Your Honor. All right. State your name again just so that our record is clear. My name is Kevin Coleman. I'm appearing on behalf of the Attorney General of the United States. I think it's quite clear what the petitioner's argument is, as Judge Smith has pointed out, that there is all kinds of evidence in the record as to what the individual was charged with and what he pled guilty to, and that was sexual assault in the third degree. There is a mistake, if you will, in the judgment paper that says 731.1b, which would be a second-degree assault, but I think it stretches credulity to think that someone would actually plead to a more excessive or to a more egregious offense than what he was charged with. So I think it's clear that the charge for which the individual was found guilty, the charge to which he pled guilty, the charge to which he testified, is the third-degree sexual assault. I think we understand his argument at this point, but just so that we understand yours, you're first saying he didn't exhaust because it's not raised. That's correct. But then even assuming that we get to it, you're saying that the record is sufficient in terms of the modified categorical approach. But the question that I have, if we got to that second, and I can't speak, we're just asking hypotheticals at this point, if we determine that we can reach the merits of his argument before this Court, can we apply the modified categorical approach to the Hawaii conviction or must we remand it to the BIA to do so in the first instance? I think you can apply the modified categorical approach. What's your best authority for that? Well, there's U.S. v. Medina-Villa, which is a case that talks about the sexual assault and what is required, what could be looked at. And even in the case of Baza Martinez, which was cited by predecessor counsel in his presentation to the Immigration Court that says in Baza Martinez the modified categorical approach was not used, but the court said they didn't use the modified categorical approach in that situation because they didn't have the documentation that was required in order to do that. They didn't have a plea. They didn't have a judgment. They didn't have information from the petitioner himself or from the criminal himself. And in that case, the court also found that it was a taking indecent liberties with a child, which didn't require any contact with the individual. That's not the case that we have in the Hawaii statute, which requires contact. So I think that you can get to the modified categorical approach via those avenues. All right. Did any of the panel have any questions? No. There's no further questions. We'll have additional time if there's anything else you wanted to say, but we don't have any additional questions. No, that's fine, Your Honor. I appreciate your time as it is. Thank you very much. All right. This matter will stand submitted. Thank you both for your argument. Thank you. United States of America v. Daniel Yoshimoto, 11-10151.
judges: Schroeder, Callahan, Smith